GRACEY, JUDGE:
Claimant brought this action to recover for personal injuries and for property damage to his truck. On November 19,1986, at approximately 6:00 a.m., claimant was operating his truck on U.S. Route 35 near Shawnee Estates when he came upon an area of the highway covered with water. He was travelling at approximately 55 miles per hour when the truck went into the water. The truck spun out of control, slipped on its side, and struck a utility pole. Claimant alleges that respondent was negligent in failing to place warning signs that high water was present on the highway.
Keith Arnold Midkiff testified that he watched claimant' s accident when it occurred. He stated that he had observed high water at this location on previous occasions. He also testified that he spoke with employees of the respondent concerning the water problem on several occasions during the ten years he lived at his location adjacent to the highway. He further stated that it had been raining all night previous to the accident. He described the highway as "relatively level" at the location of the incident. He also described the drainage in the area. He stated that he had discussed drainage problems in the area with employees of the respondent and was told that the method to correct any problem was too expensive. These conversations took place about two years or more prior to the occurrence of this claim.
Claimant explained that the damages to the truck were paid by his insurance as were his medical bills. He paid $250.00 as his deductible and also lost a topped for the truck valued at $600.00. Claimant's insurance company, American National, requested that claimant reimburse it for amounts which it has paid on his behalf. This the Court cannot do. The insurance company is not a party to this claim. Claimant may receive only those personal losses which he sustained.
*120 A review of the evidence reveals that another individual, Monica Jividen, also experienced problems with the high water at the location of claimant's accident at approximately 5:00 a.m. See: Jividen vs. Dept. of Highways, issued by this Court on August 10, 1987. The Court held that the respondent did not have notice of the hazardous water condition on U.S. Route 35 and denied an award to the claimant. Similarly, the claimant before the Court herein has not established that respondent had adequate notice of the high water to place warning signs. Claimant stated that he had, in fact, traversed this same place in the highway at 1:00 p.m. on the day of the accident and did not experience any problems with high water. Claimant failed to establish that respondent had actual or constructive notice of the high water on the highway on this occasion. For this reason, the Court is of the opinion to and does deny this claim.
Claim disallowed.